By the Court,

Cowen, J.
The statute, (2 R. iS. 362, 2d ed. § 1,) gives the right of suing in this form to every poor person, &c. who shall have a cause of action against another. Strictly speaking, an error on which a writ lies is not a cause of action ; for, as Lord Coke says, there is a distinction between writs and actions; and under this distinction he instances actions and writs of error. (2 Inst. 39, 40.) And yet, a release of all actions extends to writs of error, when, any thing may be recovered or taken by way of restitution under or in consequence of the writ of error. (Co. Litt. 288, b. Bac. Abr. Release, (I) 2.) This, however, I take it, proceeds rather upon an equitable and therefore extended construction of the words in the release beyond their strict meaning; for they generally reach the original matter out of which the error arose, that being the direct subject of an action if the matter be thrown open by the writ of error. The original matter being released therefore, the words are very properly construed as reaching indirectly and in liberal construction to the writ of er *413 ror itself, because that depends upon the original matter. Yet, in strictness, no book holds the word action, or words cause of action, to be identical with a writ of error or cause of a writ of error. .
There can be little doubt that the statute under which this motion is made, should be construed strictly; for the pauper comes to litigate entirely at the expense of others. He is neither to pay his own attorneys or counsel, nor is he liable to his adversary should the suit prove to be groundless. He thus enjoys a great privilege and exemption from the common lot of men, whereby, in respect to causes of action proper, he becomes, as Lord Bacon says, rather able to vex than unable to sue. (Hist, of Hen. 7.) The case before us would seem to furnish an illustration of the remark. The petitioner has already been defeated in two courts.
Motion denied.